Mr. Moore for the appellant, Ms. Gaines for the appellate. May it please the court, my name is James Moore of the firm of Gregory Moore, Jekyll and Brooks in Detroit. I'm here appearing on behalf of the International Union, Security, Police and Fire Professionals of America, SPFPA, the union, the plaintiff and appellant in this proceeding. It is the position of the union that the text, the context, the structure and the purpose of Section 501 of the Landrum-Griffin Act all support the conclusion that federal courts have jurisdiction over a union suit for relief under Section 501. Accordingly, we request that this court reverse the decision of the lower court. As your honors are well aware, there have been three courts of appeals decisions that have addressed this legal issue of jurisdiction. Two of them, the more recent and in our view, the better reasoned decisions have supports the union's position here. I would add that as you are also well aware, there's been a recent district court decision out of this district by Judge Bates. He reached the same conclusion, that is that there is jurisdiction. That's addressed in the amicus brief more than in ours. He took a different approach and while we certainly don't disagree with him, I'm here to argue the positions we've raised in our briefs and submissions. The reasoning and the results in both the seven... This implied cause of action that you want to have created, is it going to have the same terms and conditions as the cause of action in 501B or is it entirely freestanding? I believe it's freestanding in the sense that it would address the fiduciary duties that are set out in Section 501. I believe the basic distinction, 501B, requires certain procedural hurdles for an individual member to adhere to before being permitted and then get leave of court. But I don't believe those would apply to a union. So we would be creating a freestanding cause of action on top of the one that Congress already created and subtracting out all of the conditions that Congress imposed for litigation in this context? Well, I believe you would be finding what Congress intended in the first place, which is that there is a freestanding cause of action by a union to enforce the fiduciary duties that it created in 501A. Do you remember of any case where a court has implied a cause of action when Congress has already created one within that very same statutory provision that has lots of conditions and limitations? I'm not aware of a case to that effect, Your Honor. So this would be charting a new course and implying right causes of action? Well, in a sense, other than the fact that, again, other courts of appeals, as you're well aware, have done just that. So I don't think this is necessarily a novel position to take. And given that the intent of Congress was fundamentally to address alleged union corruption, to leave a union out of that other than the state remedies, which Congress found were inadequate, I think would be a bad result. Did Congress find they were inadequate for the unions or for the members? Well, 501 addresses the interests of the union as a whole, which by implication is its members. If a union official is acting in some corrupt fashion and not adhering to his or her fiduciary duties, that affects the union as an institution, and necessarily it affects its ability to serve its members. When you talk about jurisdiction, there's a provision in 501B that says, Why isn't that jurisdictional? That sounds like a certificate of much analogous to what we call certificates of appealability in another context, which have been held to be jurisdictional. Why isn't that provision jurisdictional? Well, I think it is focused on the relatively novel approach that Congress took in 501B. Namely, we're going to allow a member to sue, but only after he or she has made an effort to get the union to do something, albeit only in state court. So I think that Congress, I believe Congress intended by adding those conditions, those procedural hurdles as they've been referred to, was simply trying to make sure that a court wouldn't take a union member's lawsuit prematurely. I understand, but how do we know it's not jurisdictional? In the sense of other certificates of appealability, analogous certificates of appealability are jurisdictional. Well, again, I believe that given the fundamental intent of 501, given the fiduciary duties that Congress intended or explicitly spelled out, which were new, that a union should have the ability to pursue those remedies without the procedural hurdles that only Congress specifically applied to individual members. So we have to apply a right of action and apply ourselves out of a jurisdictional limitation as well? Well, if you view the jurisdictional limitation in 501B because it applies to individual members as a limitation, that's one thing. But I guess what I'm arguing is that limitation only applies to the kind of lawsuit that would be brought by an individual member and is spelled out in that manner because it is a rather unique, you know, tracks the derivative corporate lawsuit kind of allegation. Don't the unions have state law causes of action in these kinds of cases and wasn't the whole that Congress was trying to fill the lack of causes of action for individual suits? I'm certain that Congress had that in mind, although the congressional report, which is cited, I think, really in both the district court decision as well as the briefs of the parties, pointed out that the time this law was passed in 1959, there was really only, I believe, one state that had any remedies that were akin to the ones that Congress was creating with 501A. So I don't think the state remedies are adequate. But there are state, when union officials or members commit misconduct of various kinds, there are obviously state law causes of action that unions traditionally have taken advantage of, right? Certainly. Indeed, in this lawsuit, in addition to the federal claims we've made, we had several state and District of Columbia common law claims. Exactly. Yeah, this case is a good example. You have remedies available, but the whole, from Congress's perspective, was the suits that are contemplated expressly. I know you talked about impliedly, but expressly in B. That wasn't available before, correct? Well, certainly. That was one of the holes they were addressing, but we don't believe that's the end of the discussion. What role does our decision in Weaver play in your thinking? Well, Weaver doesn't really address the decision. It certainly is not supportive of the district court's decision, but given the rather unique circumstances of that case, where, as I recall, the individual members brought the lawsuit and then there was a change in union leadership, and as a practical matter, the court found that the union could then be amended in as a plaintiff. But I have to say that case does not directly address the issue before this panel. Are you aware of anything in the legislative history that specifically says unions should be able to maintain this kind of cause of action? There is nothing explicit, and indeed, that is why we're here and why there is at least a split in the courts of appeals, albeit in our favor. Well, you're here because there's nothing in the text, but I was wondering if there's nothing even in the legislative history. I am not aware of anything in the legislative history that expressly states that there is an implied cause of action in 501. You had originally brought a claim also under the Labor Management Relations Act. Does that or other federal law allow the union to enforce its rights against corrupt officials apart from 501? Not in this case because that is directed at officers of the union, and Mr. Fay was not an officer of the union. We have not pursued that dismissal by the district court. That one's only officers, and your 501 is broader. Is that the point? Yes. The 501 addresses employees, representatives. I don't have the statute in front of me, but it does. So I think he was what, the district? He was a district representative of the International Union. So he was an agent but not an officer? That's correct, nor was he an employee. I'm sorry, he was an employee but was not an officer or a member of the union. Could I ask you to go back and repeat what you said about the adequacy of state remedies for the unions? Well, when this statute was passed, the congressional record reports indicated that there was but one state, if I recall correctly, that had what Congress believed were remedies that were comparable to the fiduciary duties that Congress was created with the Landrum-Griffin Act. So it was clear that at the time this was passed, state remedies were thoroughly inadequate, and that is certainly one reason for the Landrum-Griffin Act being passed in the first place, certainly a reason why they wanted union members to have at least the possibility of bringing suit. But it certainly didn't preclude the conclusion that unions themselves, having now been given additional fiduciary duties that were new, should somehow be barred from the courtroom to pursue what is the fundamental purpose of Landrum-Griffin, which is to address union corruption or allege union corruption. Can I just ask you a question about how 501A works? And that is, do all the various rights created, accounting and fiduciary duties, if you're actually bringing a lawsuit under that, is there federal law for those standards or does the statute incorporate state law standards to determine when you have engaged in improper dealing as an officer or violated fiduciary duties or whether you're entitled to an accounting assessment? Well, I think these are terms that a trial court is certainly capable of defining given the particular circumstances. In this case, as we have alleged in our lawsuit, this was someone who had a duty of loyalty to our organization and in our view, and we allege that during the time he was supposed to be supporting us, he was in fact working for another union and disparaging our union. I think as a practical matter, that certainly violated the fiduciary duty that he had to the international union. Under federal law or state law? I'm just asking whether this creates federal law rights or whether this is a federal statute giving force to state law rights and then this federal statute would incorporate state law standards. Well, we believe that the actions that we allege Mr. Fay engaged in violate both those duties that are set forth in 501A and indeed we believe violate some state actions as well, although we wanted to add them to the federal court and we didn't think that the state court would necessarily be adequate. I would simply add that, and we've already discussed that, but congressional intent is clearly the key to this and the Trey-Week decision from the Ninth Circuit didn't really give adequate consideration to congressional intent. It simply bypassed it and declared that simply because the statute created this cause of action for union members, it somehow necessarily excluded unions from bringing similar actions. We don't think that logically follows. We don't think Congress, by its silence, if you want to look at it that way, necessarily precluded a union from doing so and that's particularly true, we believe, because of the purpose of the statute to address union corruption. Why pass a statute and then leave some of the tools out of the toolkit? This is true where there were new fiduciary obligations created by Congress. It's nonsensical in our view to create these new obligations by a union and then handcuff the union in its ability to remedy those and it's also true where, as here, Congress expressly found state remedies were not adequate. We believe that the district court failed to properly recognize that jurisdiction can be created by implication and then failed to adequately consider all of the relevant factors that go into a decision or the intent of Congress. For all these reasons, we respectfully request that you reverse the district court. Thank you. Thank you. Good morning, Your Honors. May it please the court. My name is Eden Brown-Gaines and I'm representing the appellee, Ahsan Fay. I think the court touched on this a bit, but I think it bears repeating the context in which this case arises. I think the one thing that everyone will agree on concerning the legislative intent for Congress is that this is a statute that's about protecting the membership of a union. The context of this case is a dispute between an employer and an employee. The SPFPA isn't bringing this action because they think that the membership needs to be protected. They're bringing the action essentially because they had an employee. They didn't get what most lawyers would do, which is draft a non-compete agreement if you want that employee to be precluded from working for a competitor after they leave your employment. And there's a dispute about that. And if this court were to take this case and these facts about a dispute between an employee and a union and not the membership, I think it would be even greater of a stretch than the Ninth Circuit is speaking to in Trawick and saying that this statute is not for unions to sue. Mr. Fay. You haven't yet gotten to the language of the statute. Can we talk about that? Sure. It says, I'm looking at B, when any officer, agent, et cetera, alleged to have violated the duties in sub-A and the labor organization or its officers refuse or fail to sue or recover damages. In your mind, does that mean to sue in state court? For the members, no. For the union, yes. I mean, if we look, Your Honor. What does that mean, to sue? To sue means to bring a lawsuit. That's correct. Well, isn't that what the union's doing here? In the wrong forum. That's why I just asked you. You mean in the state court, right? That's correct. Okay, so then, under your theory, the cause of action here is for the union is in the state court, and if it refuses to bring that action, then the member can bring it in federal court on behalf of the union, right? No, sir. My theory is that we're way out of line with what's even going on here. Now, again, this statute is about whether you sue in state court or federal court for a breach of fiduciary duties is about a union representative, officer, agent who has breached a fiduciary duty to the membership. In this context, even under the SPFPA's argument, Mr. Fay worked with the membership themselves. The membership was unhappy with the SPFPA. The membership wanted to move to another organization, and it ended up being a competitive organization. So we're even way out of the scope of what Section 501A and 501B dictate because 501A is about hurting the members. It's about doing something that is negative or contrary to the interests of the members. They're alleging that Mr. Fay did something to the SPFPA, but if we get down to the underlying issue, it's that they're alleging that he told the members who were unhappy with the SPFPA that there's another union that they could go to. And so I think we're kind of outside of... That's a factual argument. I think Judge Tatel's asking more about the legal structure and theory of this provision. What to sue means and why it would be limited to state law causes of action. Sure. I mean, if we assume that this case is in that context, I think it's still clear. 501B says jurisdiction on the face of the statute, and jurisdiction speaks to the members having jurisdiction in federal court. Could you just answer my question about this language? I'm sorry, Judge Tatel. Let's assume we have a case that falls squarely. I mean, as Judge Katala said, you're making a factual argument. Let's assume, for example, that the case falls squarely within the purpose of the statute. Under your theory, am I right that the union to bring a case under this statute has to go to state court, correct? Is that right? Not to bring a case under the statute. If the union believes that an officer, agent, or member has violated a fiduciary duty, then yes, they have to go to state court. That's what I just asked you. Well, not exactly, because it's not under the LMR. I'm sorry. It's not under the LMR. Okay, so they go to state court, right? Right. Right. But if they don't go to state court, right, the union member can bring a case in federal court on behalf of the union, correct? The suit is brought on behalf of the union. That's correct. Okay, so I'm trying to understand why it makes sense that the union member could bring a suit on behalf of the union in federal court that the union itself couldn't bring. Well, we're going back to the legislative intent. No, no, no. Don't go back to the legislative history. Just to answer that question, I'm asking you whether— Because the union— Okay, and the statute itself says that the suit is brought on behalf of the union. So my only question is why would Congress have given a union member a cause of action in federal court on behalf of a union that the union could not itself bring? That's my question. Because the union didn't need a cause of action in federal court. The union has a cause of action in state court, Judge Tatel. The union can already sue. The union can—the common law concept of a fiduciary duty is rather broad. It's quite extensive. It would encompass everything that Congress wrote into 501A. The union already had the ability to pursue that right in state court. So it would make sense that Congress would not need to add something to this aspect of the statute because the union could already do it. It was the membership who was without a remedy in this situation. And so Congress provided a remedy for the membership who was previously without one. But it isn't that the union was without a remedy. In fact, in this case, this union has sued Mr. Fay under common law fiduciary duty duties—I'm sorry, breach of fiduciary duty duties outside of federal court. It's already happened based on this situation in matters that aren't before the court today. So the union does have a cause of action. The union does have remedies in order to resolve issues where there's allegations of a breach of fiduciary duty. It's just that Congress didn't intend for federal court to be the forum in which that was resolved. And if we look to the legislative intent, I think Judge Kavanaugh made a good point because I actually looked and I could find nothing from Congress that suggested that we're assuming that the union can already come to federal court or that we intended for the union to come to federal court. When you look at the legislative history, it seems pretty apparent that the understanding was the union could already sue, that there was already a mechanism for the union to redress these issues, and that the problem was that the membership wasn't being protected because the union would not, in cases of corruption, sue to discharge its rights. And so Congress wanted to make sure that the—I'm sorry, that the members have rights. And so that's what Section 501B is about. It is like a derivative action, but it's not so unusual that Congress would say one right could be extinguished in federal court and another right already existing and covered by the state could be extinguished in the state court. And I think if we look at the court factors, they're along those lines. The last factor of court is, is there a state right such that federal action would be inappropriate? And I think that was the case here when the statute was enacted. There was already a state right such that federal action would, in fact, be inappropriate. And what do you do with our decision in Weaver? I think Weaver— I want to say something about Weaver. Weaver allowed the union to pursue a case in federal court. Yes, but I think as spoken, it's a tangential issue in the sense that the reasons that this court has allowed that union to pursue the case is because of the realignment and the shift with membership. I mean, they really didn't address this issue. This court— It wasn't a realignment. There was no other qualified plaintiff to bring. The one qualified plaintiff to bring that lawsuit had died. And so the union was the only qualified plaintiff. Yes, ma'am. So how could we authorize them to do it if they aren't allowed to prosecute a 501A lawsuit in federal court? Well, because the issue in Weaver wasn't about— So under your theory, what should have happened in Weaver is we should have rejected it and told the union to sue in state court. Not— Yes, that's your theory. I respectfully disagree with that, Your Honor, because the only thing that happened in Weaver was that there were no members who— And then there were no members who could continue that suit. So the issue that this court addressed in Weaver was just should we let the union basically act in the stead of those members? Because the members were the ones who initiated the action. That's not what's happening here. But if the union can act in the stead of members under 501B in Weaver, why can't it act in the stead of the members here? Why does it have to wait for the members to go first? Because Congress specifically said that that's what should happen under 501B. But 501B doesn't provide for the union then to intervene and take over the litigation. If there's no jurisdiction when a union brings a lawsuit or there's no cause of action when the union brings a lawsuit, then there would have been no cause of action or jurisdiction in Weaver either. I understand that, Your Honor, but in Weaver, what the court was doing there wasn't saying that the union has an independent private right of action. The court was saying that the members had an independent private right of action and that the court was going to allow the union to pursue the members' independent private right of action because there were no members who could do it. And so the court didn't go as far as – There were members who could do it. They just didn't bother to go through the qualification procedures. There was the one person who did die, but there were plenty of other members that were named in the lawsuit. They just didn't bother to dot their I's and cross their T's. But that was the court's rationale for making that decision. The rationale wasn't because there was an independent private right of action for a union to sue independently, and the court certainly didn't say that or even suggest or hint to that in the Weaver case. So, I mean, I think the only way to fairly read Weaver is to limit it to exactly what this court did say and what they did do. And, I mean, I don't think whether that court was right to do it or whether the court was wrong to do it I think is a side issue because it's clear that they're not saying that there's a private right of action. I mean, it's clear that nobody is actually saying that, not this court and not Congress. They have not created it. Weaver said, quote, Congress expressed its preference that the union prosecute a claim for breach of future duty. That's correct. And the union could do that in this case in state court, not in federal court. And so I think it's just difficult to get around. I mean, I think the interesting thing about this statute is that it says jurisdiction in 501B, and Congress is very clear as to what that jurisdiction should be. So it's hard to move around that because this isn't the kind of statute where it's not mentioned at all. I believe the language in Weaver where it says Congress expressed its preference that the union prosecute a claim for breach of fiduciary duty, and that's the breach of fiduciary duty created in 501A, right? Sub A, that's that fiduciary duty. So your view is that what Weaver was saying is that what Congress had in mind here was that the federal duty created in sub A should be enforced by the union in state court? Absolutely, Your Honor, because what Congress created in sub A exists and existed. I mean, the term fiduciary duty, again, as I've said, is a very broad term and has always been treated that way in common law. The fact that Congress wanted to ferret out some express language to cover that broad umbrella in the context of unions doesn't suggest that the idea of a fiduciary duty and everything that Congress said in 501A wasn't something that was already actionable in state court. I mean, the word fiduciary duty means quite a bit, and perhaps, you know, the courts have argued as to whether it's distinct or whether it's a broad umbrella. But, in fact, in any mechanism of state law, even in the 50s, it was a pretty broad umbrella. It wasn't just these three factors and that's all you could sue under. It was any kind of breach of the relationship of trust that a fiduciary holds. It's hard, though, for Congress in A to create rights in a union or members as a group. It doesn't create any individual rights. It creates rights in the union and members as a group. But then to say, having created those rights, in B, Congress deputized a single individual, neither the members as a group nor the union, to prosecute the action. It just seems very odd to me that Congress would create rights in the union that the union cannot enforce under B. I mean, I don't think it's odd, considering the context and looking at the legislative history, considering the context in which this statute arose. I mean, it arose to protect the members because the unions were believed to be corrupt and were not. Well, maybe, but the remedies all run to the union. They don't run to the individual, correct? They bring this lawsuit to remedy and win. The remedies go to the union, not the individual. That's correct, on behalf of the membership. On behalf of the membership. Sure, but not on behalf of the union. Well, I think, Your Honor, it's kind of hard to get around the fact, considering the legislative history, that this is all about the membership. So, yes, technically, if they were to win money or some legal damage or equitable relief, yes. The statute says the relief is for the benefit of the labor organization. It doesn't say for the members. But if we look at the legislative history— Well, I'm looking at the statute. I'm just— It strikes me as a little—again, I'm not aware of a case where Congress creates rights. I think there might be even due process problems that have been recognized in the race judicata context, where you have rights that have been created, but someone else can litigate them for you. And that may well be binding on your ability—the union's ability to recover damages from this fellow. Well, not if we think about the—I mean, I think we all agree that this was done in the context of a derivative action, like a corporation. We know that unions aren't technically corporations, but a different kind of animal. So if you think about it, if it's likened to a derivative action, it's not someone else's rights. It's not the membership saying, you know, hey, it's me personally. It's the representational body, the organization as a whole. The organization isn't bringing the lawsuit. You could actually have—the individual could go to the union and say, you need to prosecute this person. But it turns out it's a Sour Grapes union member. And in fact, the union has been behaving perfectly. The officials are behaving perfectly. The basketry—everybody, every member of the union except this one, votes not to take any action. And then this one person could go bring a lawsuit and it's going to accomplish a ruling—obtain rulings, and it will be binding rules of law on the relationship between that union official and the union without the union having any say. Well, that's— It's extraordinary to me. That—I mean, that's what Section 501B does allow. It does allow— Yeah, it seems extraordinary to read it that way as opposed to sort of a tag team between the union and the member. Well, and I don't think it's in the sense that—I mean, I would agree with you there, but I mean, I don't think it's in the sense that the union doesn't have a say. I mean, the union, in fact, did have a say. It's just that the union may have disagreed with that individual member. They had the opportunity to hear what the member had to say and make a decision themselves as to whether they would pursue with the— Right, if they made a perfectly—I mean, I know the assumption here is they make bad decisions, but what if they made a perfectly reasonable decision, and now they're going to have their rights determined and bound in litigation to which they can't even be a party? I mean, that may be the case, but that's, I think, what Congress actually did do. Well, maybe that's what they did. Is there a constitutional problem with that? There may be, Your Honor. I haven't thought about it because— But you were to avoid that, right? I mean, perhaps that's the case. I have to admit that I haven't thought about that because I do agree that the union did provide a cause of action for the member to do that, even in the situation that you're stating. And perhaps that's problematic, but that really isn't what's before the court today. It's about whether the union actually has the right to do it first in federal court. And so I think on that issue, Congress has not given that right. And for whatever reasons, right or wrong, they did actually give that right to the member to do that and create binding law. Thank you, Your Honors. Thank you. Did Mr. Morgan have any time left? Go ahead. Your Honors, I have really nothing to add unless there are questions from the panel. Anything? No. Thank you. Case is submitted.
judges: Tatel, Kavanaugh, Millett